IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ERNEST FAIL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-187 |
| | ) | (Formerly CR 110-042) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the United States Penitentiary Coleman II in Coleman, Florida, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** as untimely and that this civil action be **CLOSED**.

### I. BACKGROUND

On February 3, 2010, the grand jury in the Southern District of Georgia charged Petitioner with robbery of a commercial business, using a firearm during a crime of violence, and possession of a firearm by a convicted felon. United States v. Fail, CR 110-042, doc. no. 1 (S.D. Ga. Feb 3, 2010) (hereinafter "CR 110-042"). On May 19, 2010, Petitioner, represented by appointed counsel, pled guilty to felon in possession of a firearm in violation

of 18 U.S.C. § 922(g) Id., doc. nos. 16, 17, 18. In exchange for Petitioner's guilty plea to this count, the government agreed to dismiss the remaining counts. Id., doc. no. 17, pp. 1-5. By pleading guilty, Petitioner admitted the factual basis for his conviction. Id. at 3-4. Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory Sentencing Guidelines range as found by the sentencing court ("Court"). The defendant understands that this plea agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Id. at 2-3.

Upon entry of the guilty pleas, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 31, Criminal History Category at VI, and Guideline imprisonment range at 188 to 235 months. PSI ¶ 59. The statutory maximum term for the charge to which Petitioner pled guilty was life imprisonment due to Petitioner's status as an armed career criminal. PSI ¶ 58. United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to 216 months imprisonment, and the Court entered a judgment on November 8, 2010. CR 110-042, doc. no. 26. Petitioner did not file a direct appeal.

Petitioner signed the instant § 2255 motion on November 16, 2015, and the Clerk of Court filed it on November 30, 2015, more than five years after entry of final judgment in his criminal case. (See doc. no. 1.) Petitioner argues he is not an armed career criminal under

2

Johnson v. United States, 135 S. Ct. 2551 (2015), because his three convictions for burglary and one conviction for selling cocaine only qualified under the residual clause of the Armed Career Criminal Act ("ACCA"). (See doc. no. 1.)

Even if the Court were to assume, for the sake of argument, that the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255 motion is barred as untimely and his argument that Johnson applies to him is without merit.

## II. DISCUSSION

### A. The Motion Is Untimely.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on November 8, 2010, and because Petitioner did not file a direct appeal, his convictions and sentence became final fourteen days later. See See Fed. R. App. P. 4(b)(1). Thus, the instant petition, filed almost five years later, is untimely.

3

Petitioner's mistaken reliance on Johnson does not qualify him for a later statute of limitations. Johnson held that the residual clause of the ACCA was unconstitutionally vague and violated due process. 135 S. Ct. at 2563. Petitioner argues his three convictions for burglary and one conviction for the sale of cocaine under Georgia law both only qualify under the residual clause of the ACCA which is now invalid under Johnson. (Doc. no. 1.)

First, Petitioner's conviction for the sale of cocaine under Georgia law clearly qualifies under the ACCA's definition of "serious drug offense," which includes: "an offense under State law, involving . . . distributing . . . a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Petitioner's Georgia sale of cocaine conviction fits the § 924(e) definition because: (1) it was a state law crime, (2) selling is a form of distributing, (3) cocaine is a controlled substance, and (4) the crime was punishable by up to thirty years at the time he was convicted.[1] Further, the PSI confirms that this offense was considered a serious drug offense rather than an offense under the residual clause. (PSI ¶ 20.) Thus, Johnson is clearly inapplicable to this predicate offense.

Second, Petitioner's three burglary offenses, which considered alone would make him an armed career criminal, clearly fall under the enumerated offenses clause of the ACCA, not the residual clause. 18 U.S.C. § 924(e)(2)(B)(ii) (defining violent felony as "burglary, arson, or

---

[1] At the time, Petitioner was convicted, the statute provided "Except as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell or possess with intent to distribute any controlled substance" and made such a violation "with respect to a controlled substance in Schedule I or narcotic drugs in Schedule II" punishable "by imprisonment for not less than five years nor more than 30 years" on the first offense. O.C.G.A. §§ 16-13-30(b),(d) (version in effect from 1981-1996); See Ga. L. 1980, p. 432, § 1; Ga. L. 1985, p. 149; Code. Ann. 79A-811(b),(d)(1980); Dennard v. State, 593 S.E.2d 694, 695 (2004)(cocaine qualifies as narcotic drug).

4

extortion") This follows from the fact that Georgia has a divisible burglary statute and Petitioner's burglaries all involved residences, qualifying as "generic burglary" under the ACCA. However to reach this conclusion, it is helpful to review the analysis required under Descamps v. United States, 133 S. Ct. 2276, 2281 (2013), for using the modified categorical approach to determine whether a burglary qualifies as generic burglary.

"[T]he generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). In Descamps, the Supreme Court ruled that if a statute is non-generic, differing from the elements listed above, a court must decide if that statute is divisible or indivisible to determine if the modified categorical approach can be used. U.S. v. Howard, 742 F.3d 1334, 1346 (11th Cir. 2014) (citing Descamps, 133 S. Ct. at 2281-82). A statute is "divisible" if it "sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building or an automobile." 133 S. Ct. at 2281. An "indivisible" statute, however, contains "a single, indivisible set of elements." Id. at 2282. For example, an indivisible statue would criminalize "assault 'with a weapon,' instead of criminalizing assault 'with a gun, a knife, or an explosive." Howard, 742 F.3d at 1346 (citing Descamps, 133 S. Ct. at 2290).

"If a statute is indivisible, a court may not apply the modified categorical approach, and that is the end of the inquiry." Id. In that case, the prior conviction does not qualify as an ACCA predicate. Id. However, if a statute is divisible, a court can look beyond the statute to a limited class of so-called Shepard[2] documents, such as indictments and plea agreements, to determine if a defendant was convicted of each of the elements of the applicable generic

---

[2] Shepard v. U.S., 544 U.S. 13, 26 (2005).

5

offense listed as a violent felony under § 924(e). Sagoes v. U.S., Nos. 109 CR-49, 111CV-1188, 2014 WL 1681596, at *7 (N.D. Ga. Apr. 28, 2014) (citing Taylor v. U.S., 495 U.S. 575, 600 (1990).)

At the time Petitioner was convicted of his three burglaries, Georgia law defined the offense of burglary as follows:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1 (version in effect from 1980-2012).³ This statute is non-generic because it encompasses unlawful entry into vehicles, railroad cars, watercraft, and aircraft. Sagoes, 2014 WL 1681596, at *7. However, the statute is also divisible, contrary to Petitioner's contentions, because it sets out alternative ways to commit the crime, including the unauthorized entry into buildings, structures, vehicles, railroad cars, and watercraft. Id.

Unlike the situation in United States v. Lockett, 810 F.3d 1262, 1268 (11th Cir. 2016), the Georgia burglary statute does not allow the prosecutor to charge a defendant with unauthorized entry into a "dwelling," the definition of which under South Carolina law also includes vehicles, watercraft, and aircraft. Rather, the prosecutor must pick which type of vehicle or structure the defendant unlawfully entered. See Redfern v. State, 246 Ga. App. 572, 574, 540 S.E.2d 701, 703 (2000) (stating government must prove defendant unlawfully entered a "building"). Here, Petitioner admits his three convictions were for burglaries of a

---

³The Georgia General Assembly revised O.C.G.A. § 16-7-1 in 2012, but the changes did not alter the fact that conviction was possible for unlawful entry into multiple types of structures. See O.C.G.A. § 16-7-1; Laws 2012, Act 709, § 3-1, eff. July 1, 2012.

6

dwelling, thereby admitting his convictions were for generic burglary. (Doc. no. 1, p. 4.) This is also confirmed by the uncontested facts in his PSI. (PSI ¶¶ 27, 29, 30.) (describing crimes as burglaries of residences). Thus, Petitioner was convicted under a divisible statute of generic burglary, and his crimes qualify as enumerated offenses and not under the residual clause.

Because Petitioner was designated as an armed career criminal for a serious drug offense and three enumerated offenses, Johnson is completely irrelevant to his claims. Thus, Johnson did not reset his statute of limitations, and his motion falls well outside of the one-year statute of limitations from the date his conviction became final. Even if the Court considered his Johnson claim as timely, it would have no merit because Johnson is not applicable to his case.

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail

7

based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 822 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not assert innocence of his crimes of conviction, but rather he claims he was improperly sentenced under the ACCA. Because Petitioner does not assert innocence or that extraordinary circumstances

barred him from timely filing his motion, the Court cannot consider Petitioner's untimely § 2255 motion, and it should be denied.

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations, and thus **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of March, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA